### WALTER & STUCK *v.* J. C. JOHNSTON, GUARD.

**Guardian and Ward—Improvement on Ward's Land—Lien.**

Although persons under contract with a guardian have made improvements on the land of the ward, under the belief that the creditor had the authority to contract with them for such purpose, yet they cannot, by erecting a building on the infant's land, create a lien thereon whereby the infant can be deprived of his title.

**Improvements—On Ward's Land Under Contract with Guardian.**

Where persons have built a house on the land of the ward and made improvements thereon, under the mistaken belief that the guardian had authority to contract therefor, the chancellor should permit them to remove the materials placed thereon within a reasonable time, leaving the land in as good condition as when they began to make the improvements; or permit the ward to pay for the improvements to the extent that they have enhanced the value of the land.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 6, 1874.

OPINION BY JUDGE PETERS:

It is intrinsically probable, independent of the evidence of Thompson, that appellants built the house and made the improvements on the ground of the infant, Garnett D. Ripley, under a contract with Crawford, the former guardian; and while he was not legally authorized to make such contract without the sanction of the chancellor so as to bind the estate of the ward, still it must be presumed that they believed the guardian had the authority to contract with them for the purpose; but notwithstanding that belief, they could not, by erecting a building on the infant's land, create a lien on it whereby he could be deprived of the title.

Appellants have incautiously and ill-advisedly put their materials and labor on the land of one who was and is unable to contract with them on the subject; but as they were induced to furnish said materials and erect the house and the improvements by the guardian claiming the right to contract with them, they cannot be regarded as wrongdoers, and did not part with their property in the materials used in the improvements; and under the circumstances the chancellor, under the alternative prayer, should have adjudged the materials of which the improvements were made, the property of appellants, and permitted them to remove them in reasonable time, requiring them to leave the lot in the condition that it was in when they began to erect said improvements. Or he should order his master to ascertain the condition of the estate of the ward, and the enhanced value of the ground by reason of said improvements; and if it would redound to the interest of the ward and his estate in the condition it is in, to pay for the improvements to the extent that they enhanced the value of the lot.

Such enhanced value should be allowed. The amelioration is all that should be paid for.

Wherefore the judgment is reversed and the cause is remanded with directions for further proceedings consistent herewith.

*Russell & Helm, for appellants.*

*Muir & Bijour, for appellee.*